UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KEITH P. LUCAS, SR.,

                                    Plaintiff,

                                                                                DECISION AND ORDER

                                                                                 07-CV-6200L

                    v.

MARK RIGGI,
ANN M. GRATTAN, Individually and in her
capacity as an employee of Village Court of the
Village of Caledonia,
KATHY M. NAROWSKI, Individually and in her
capacity as a police officer of the Village of Caledonia,
VILLAGE OF CALEDONIA,

                                    Defendants.
_____

**INTRODUCTION**

This is a civil rights action under 42 U.S.C. § 1983 for false arrest and malicious prosecution against a judge, clerk and police officer of the Village of Caledonia, New York ("Village"). The Village is also a named defendant. All defendants, except the police officer, Officer Kathy Narowski, have moved to dismiss the complaint pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

The central issue with respect to defendants' motion is whether the defendant judge and clerk acted "under color of state law" when they took the actions they did relative to the plaintiff, Keith P. Lucas, Sr. ("Lucas"). One of the elements of any civil rights action under § 1983 is that the defendant acted under color of state law. *Polk County v. Dodson*, 454 U.S. 312, 315 (1981). An act that is not taken under color of law–in other words, "merely private conduct"–is beyond the reach of § 1983, "no matter how discriminatory or wrongful" that conduct may be. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). Remedies for such conduct may exist under state law, but such acts do not give rise to a federal civil rights claim under § 1983.

**BACKGROUND**

The incident giving rise to this case occurred on May 31, 2005. Lucas was at the Village Hall attempting to resolve some issues concerning a ticket that he had been issued over a dog running loose in the Village. There was an exchange between Lucas and Village Clerk Ann Grattan. Plaintiff then left and went to a local convenience store where he was arrested and charged with harassment for allegedly threatening to kill the judge, Mark Riggi.

According to the complaint, both Riggi and Grattan filed supporting depositions on the date of Lucas's arrest, concerning their interactions with Lucas. Based in part on those depositions, Lucas was charged with several offenses, including a felony charge of making a terrorist threat (based on his alleged threat to kill Judge Riggi). He was prosecuted, eventually went to trial, and was acquitted of all charges on January 15, 2006.

Plaintiff filed the complaint in this action on April 18, 2007.  The complaint asserts four causes of action, each for malicious prosecution, against Riggi, Grattan, Narowski, and the Village.  Plaintiff seeks several million dollars in compensatory and punitive damages.

## DISCUSSION

**I. Rule 12(c) Standards**

Initially, I note that there appears to be some dispute between the parties about the appropriate standards to apply in evaluating a motion to for judgment on the pleadings under Rule 12(c).  Those standards are clear and well established, however.  In short, they are the same as the standards applicable to motions for failure to state a claim upon which relief can be granted under Rule 12(b)(6).  *See Desiano v. Warner-Lambert & Co.*, 467 F.3d 85, 89 (2d Cir. 2006) ("In deciding a Rule 12(c) motion, we apply the same standard as that applicable to a motion under Rule 12(b)(6)"), *aff'd sub nom. Warner-Lambert Co., LLC v. Kent*, ___ U.S. ___, 128 S.Ct. 1168 (2008); *accord Concepcion v. City of New York*, No. 05 Civ. 8501, 2008 WL 2020363, at *2 (S.D.N.Y. May 7, 2008).

Under that standard, the Court must "accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant." *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir.), *cert. denied*, 513 U.S. 816 (1994).  At the same time, however, "bald assertions and conclusions of law will not suffice" to defeat a motion to dismiss. *Reddington v. Staten Island Univ. Hosp.*, 511 F.3d 126, 126 (2d Cir. 2007).

To defeat a motion to dismiss, "a plaintiff's obligation ... requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, ___ U.S. __, 127 S.Ct. 1955, 1964-1965 (2007) (citations omitted). Thus, where a plaintiff "ha[s] not nudged [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Id.* at 1974. *See also Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 550 (6th Cir. 2008) (applying *Twombly* standards to Rule 12(c) motion); *Perez-Acevedo v. Rivero-Cubano*, 520 F.3d 26, 29 (1st Cir. 2008) (same); *Toth ex rel. Toth v. Board of Educ., Queens Dist. 25*, No. 07-CV-3239, 2008 WL 4527833, at *3 (E.D.N.Y. Sept. 30, 2008) (same).

**II. Defendants' Motion**

The moving defendants contend that dismissal is appropriate because plaintiff cannot establish as a matter of law that the town officials took the actions they did under color of state law. Defendants contend that the judge and clerk were acting not as public officials but as private citizens when they had contact with the police concerning what they perceived to be Lucas's threats against the judge.

The "under color of state law" requirement is taken from the language of § 1983, which provides in pertinent part that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the

Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... ." The requirement that the defendant have acted under color of state law is jurisdictional. *Polk County*, 454 U.S. at 315.

Simply because an act is taken by a state official, however, does not mean that the act was performed under color of state law. "The law draws a distinction between mere torts of state officials and acts done under color of state law." *Bacon v. Allen*, No. 06-1222, 2007 WL 1851285, at *4 (D.Kan. June 27, 2007) (citing *Screws v. United States*, 325 U.S. 91, 111 (1945)).

In that regard, the Supreme Court has held that "a person acts under color of state law only when exercising power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Polk County*, 454 U.S. at 318 (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)). *See also Memphis, Tennessee Area Local, American Postal Workers Union, AFL-CIO v. City of Memphis*, 361 F.3d 898, 903 (6th Cir. 2004) ("It is the nature of the act performed, not the clothing of the actor or even the status of being on-duty, or off-duty, which determines whether the officer has acted under color of law") (internal quotation marks omitted).

In *Polk County*, for example, the Court held that a state public defender did not act under color of state law when providing representation to an indigent client, because the public defender's "assignment entailed functions and obligations in no way dependent on state authority." *Id.* The public defender's representation of criminal defendants, the Court stated, was "essentially a private function, traditionally filled by retained counsel, for which state office and authority are not needed." *Id.* at 319. In reaching that conclusion, the Court made clear that

"a public defender's employment relationship with the State" is not determinative of whether he acts under color of state law.  *Id.*

Similarly, "it is by now axiomatic that 'under "color" of law means under "pretense" of law' and that 'acts of officers in the ambit of their personal pursuits are plainly excluded.'" Pitchell v. Callan, 13 F.3d 545, 547-48 (2d Cir. 1994) (quoting *Screws*, 325 U.S. at 111). Discussing that principle, the Second Circuit has stated that

> although no bright line separates actions taken under color of law from personal pursuits, the relevant question in determining whether an action was taken under color of law is not whether the action was part of the defendant's official duties but, rather, whether the action was made possible only because the wrongdoer is clothed with the authority of ... law.

*United States v. Temple*, 447 F.3d 130, 138 (2d Cir. 2006) (internal quotation marks and alterations omitted).

A review of other cases indicates that, in general, acts of the type alleged here on the part of Riggi and Grattan–essentially, reporting an actual or perceived crime to the police–do not meet the "color of law" requirement.  The Court of Appeals for the Seventh Circuit has expressly held that "[t]o file a criminal complaint with the police is the act of a private citizen" and hence is not actionable under § 1983.  *Johnson v. Miller*, 680 F.2d 39, 40 (7th Cir. 1982); *see also Andresen v. Diorio*, 349 F.3d 8, 13 (1st Cir. 2003) ("[I]t is settled that the fact that private parties give the police information on which official action is then taken does not by itself convert the private parties into state actors"); *Daniel v. Ferguson*, 839 F.2d 1124, 1130 (5th Cir. 1988) (holding that even if private defendant did provide police with false information, the state action requirement for § 1983 liability was not satisfied, and that "[t]he execution by a private party of a

sworn complaint, which forms the basis for an arrest, is, without more, not sufficient to make that party's acts state action") (internal quotation marks omitted); *Sasso v. Davis*, No. 84 C 6268, 1986 WL 12591, at *5 (N.D.Ill. Nov. 3, 1986) ("A private citizen does not become a state actor just because he reports a crime").

In *Lee v. Patel*, 564 F.Supp. 755 (E.D.Va. 1983), for example, the defendant, a motel owner, had filed a complaint and accompanying sworn statements with a city magistrate, resulting in the plaintiffs' arrest for failure to pay rent.  Concluding that the defendant's actions had not been taken under color of state law, the court granted the defendant's motion to dismiss the complaint for failure to state a claim upon which relief could be granted.  The court stated that "the unilateral action by a private person of filing a sworn complaint for an arrest warrant of another person suspected to have committed a crime does not constitute State action or action under color of State law." *Id.* at 760.  To hold otherwise, the court added, "would utterly emasculate the distinction between private as distinguished from state conduct ... ." *Id.* at 761 (quoting *Moose Lodge No. 107 v. Irvis*, 407 U.S. 163, 173 (1972)).  *See also Dahlberg v. Becker*, 748 F.2d 85, 93 (2d Cir. 1984) (affirming dismissal of § 1983 complaint against plaintiff's ex-wife and her attorneys, on ground that defendants had not acted under color of state law when they presented to a state court an affidavit signed by ex-wife, which allegedly falsely accused plaintiff of failing to make payments required by parties' divorce decree, and which ultimately led to plaintiff's arrest for contempt), *cert. denied*, 470 U.S. 1084 (1985); *Erb v. Judge*, No. CIV. A. 94-2124, 1994 WL 523209, at *2-*3 (E.D.Pa. Sept. 23, 1994) (dismissing plaintiff's § 1983

claim under Rule 12(b)(6), on ground that plaintiff could not establish that defendants' filing of a private criminal complaint against plaintiff constituted state action).

The fact that the instant case involves statements given to the police by a village judge and clerk does not require a different result here, since it is clear from the complaint that defendants were not acting in those capacities when they performed the acts in question, but rather acted as purely private citizens. An alleged threat was made by plaintiff, and defendants relayed the information they had to law enforcement officers, who made the decision to arrest Lucas. I see their situation as no different from that of any other eyewitness or citizen who relays information to the police which is ultimately used as the basis for an arrest. Surely, all such citizens are not, and clearly should not, be subjected to a civil rights prosecution.

As stated, the Supreme Court in *Polk County* expressly rejected the view that a person's status as a state employee or official determines whether that person acts under color of state law, even if (as is *not* the case here) the acts at issue were taken in the performance of the person's job. *See Polk County*, 454 U.S. at 319. The mere fact that Riggi was a judge, and Grattan a clerk, at the time of the events in question, then, did not transform their acts into state action.

This conclusion finds further support in *Smith v. Avent*, No. 98 C 4389, 1999 WL 33891 (N.D.Ill. Jan. 15, 1999). There, the defendant, a police officer, was alleged to have sworn out a false criminal complaint against the plaintiff accusing her of telephone harassment. The plaintiff was subsequently arrested, but the charges were later dropped.

The plaintiff then sued the police officer under § 1983, asserting claims for false arrest and malicious prosecution. The district court granted the defendant's motion to dismiss under

Rule 12(b)(6), on the ground that "filing the criminal complaint was not state action and therefore Smith cannot sustain an action under § 1983." 1999 WL 33891, at *3.

In so ruling, the court stated that plaintiffs' "allegations d[id] not concern police duties," but were "directed at actions taken by Avent as a citizen filing a complaint against another citizen. The fact that she [*i.e.*, defendant] mentioned that she [wa]s a police officer in the complaint is irrelevant." *Id.* at *2. The court added that "Avent, like any other citizen may, filed a complaint for harassment. Avent's conduct is simply that of a complaining witness; filing a criminal complaint is an act of a private citizen. It does not involve the exercise of authority granted by the State." *Id.* at *3 (citing *Johnson*, 680 F.2d at 40).

The same reasoning applies here. Even accepting the truth of the factual allegations of the complaint, appears that Judge Riggi and Clerk Grattan were merely acting as private citizens when they passed on information concerning plaintiff to law enforcement officials, who decided, based on that information, to arrest plaintiff. While Riggi and Grattan may have had official titles, there is no indication that what they did related to their duties, or that they abused their positions in order to procure plaintiff's arrest. Plaintiff therefore has not alleged facts showing that they acted under color of state law, and he has failed to state a cognizable claim against these defendants under § 1983. *Cf. Hughes v. Halifax County School Bd.*, 855 F.2d 183, 186-87 (4th Cir. 1988) (finding no state action with respect to state employee's claims against coworkers, and distinguishing cases in which "judges were held to have been acting under color of state authority during [the commission of] injudicious *judicial* acts," because in those cases "the actions complained of were committed while the defendants were purporting to act under the authority

vested in them by the state," and "[t]he judges were figuratively and literally clothed in state power") (emphasis added), *cert. denied*, 488 U.S. 1042 (1989).[1]

The action against the Village of Caledonia must also be dismissed. "The Supreme Court has made clear that 'a municipality cannot be made liable' under § 1983 for acts of its employees 'by application of the doctrine of *respondeat superior*.'" *Roe v. City of Waterbury*, 542 F.3d 31, 36 (2d Cir. 2008) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 478 (1986)). "In order to establish the liability of a municipality in an action under § 1983 for unconstitutional acts by a municipal employee below the policymaking level, a plaintiff must show that the violation of his constitutional rights resulted from a municipal custom or policy." *Gottlieb v. County of Orange*, 84 F.3d 511, 518 (2d Cir. 1996).

Plaintiff has failed to establish that the challenged actions here occurred pursuant to a municipal policy or custom. First of all, as indicated above, I have determined that neither Judge Riggi or Clerk Grattan acted in an official capacity on behalf of the Village, nor is there any indication that either of them was a policymaker with respect to the arrest of someone for

---

[1] I also note that there is no suggestion anywhere in the complaint that Riggi and Grattan conspired with state actors, nor would the facts alleged support such an allegation. *See Dahlberg*, 748 F.2d. at 93 (stating that "[t]he complaint in this case simply alleges that [defendants] acted 'in concert with state and county officials' to imprison plaintiff," and that "[n]o claim is made–and on the facts in the record none could be–that the different state judges actually entered into a conspiracy or had a meeting of the minds with the attorney defendants ... to deprive plaintiff of his liberty"); *Johnson*, 680 F.2d at 40-41 (noting that "[n]o conspiracy between the bank and the officers is alleged," and stating that if mere "consort of action" were "enough to bring the [defendant] within the reach of section 1983, the statute potentially covers all private dealings with the police"); *Erb*, 1994 WL 523209, at *3 (plaintiff could not establish state action under a conspiracy theory because the facts alleged did not show joint action between plaintiffs and a state actor); *Lee*, 564 F.Supp. at 760 (noting that plaintiffs' complaint did not allege a conspiracy or joint action between defendant and a state actor with respect to issuance of warrant for plaintiff's arrest).

allegedly threatening the life of a judge. They acted as private citizens and, therefore, the Village cannot be responsible for their acts in a civil rights action. *See Chan v. City of New York*, 1 F.3d 96, 106 (2d Cir.) (noting that "[a]n action under § 1983 cannot, of course, be maintained [against a municipality, or any other defendant] unless the challenged conduct was attributable at least in part to a person acting under color of state law"), *cert. denied*, 510 U.S. 978 (1993).

In order to establish a § 1983 claim against a municipality, there must be a "direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). No such link has been shown here. The mere claim that there was a policy or custom does not make it so and the employment status of Riggi and Grattan does not implicate the Village in any way. *See Miqui v. City of New York*, No. 01-CV-4628, 2003 WL 22937690, at *5 (E.D.N.Y. Dec. 5, 2003) ("Because [auxiliary city police officer] did not act under color of law, the City ... cannot be held responsible for his private acts").

## CONCLUSION

The motion of defendants, Mark Riggi, Ann Grattan and the Village of Caledonia to dismiss (Dkt. #8) is granted and the complaint is dismissed as to those defendants.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       October 29, 2008.